**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MARIA CAMILA HOYOS JIMENEZ | CIVIL ACTION NO. 26-3428 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN/FACILITY ADMINISTRATOR, SOUTH LOUISIANA ICE PROCESSING CENTER, ET AL. | MAGISTRATE JUDGE LEBLANC |

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order and Motion for Preliminary Order (Record Document 2) filed by the habeas petitioner in this case, Maria Camila Hoyos Jimemez ("Petitioner"). Petitioner is a citizen of Columbia and entered the United States on June 26, 2017. See Record Document 1 at 10. She filed an asylum application in December 2017. See Record Document 2 at 1. She was detained on July 9, 2026 and is currently being detained at the South Louisiana ICE Processing Center in Basile, Louisiana. See id.; Record Document 1 at 10. There is no final removal order in this matter. See Record Document 2 at 1. On July 24, 2026, an Immigration Judge denied Petitioner's request to be released on bond. See Record Document 1 at 13-14.

In her Habeas Petition, Petitioner seeks immediate release. See Record Document 1 at 7. If immediate release is not ordered, then she seeks a transfer to Miami-Dade or the closest suitable facility in South Florida. See id. Alternatively, if neither release nor transfer are ordered, Petitioner seeks another prompt custody hearing. See id. Petitioner seeks this exact relief in her emergency motion. See Record Document 2 at 2-3.

An applicant for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood her cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks the injunctive relief of immediate release or, alternatively, transfer to South Florida and another custody hearing. Such relief is identical to the relief requested in her Habeas Petition. Another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.

> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant emergency motion should not resolve the legal disputes in this case as a whole. Thus, the Court views Petitioner's requests as an effort to obtain a ruling on the merits of her Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the Habeas Petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the Habeas Petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Motion for Preliminary Order (Record Document 2) are **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of September, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE